# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

BRANDY ANN NEILL,
ADC #712275                                                                                    PLAINTIFF

V.                                    3:14CV00011 JLH/JTR

C. W. KNAUTS; and
GERALD MCCLUNG,
Clay County Sheriff                                                                        DEFENDANTS

## ORDER

Separate Defendant McClung has filed a Motion for Summary Judgment, a Brief in Support, and a Statement of Disputed Facts. *Docs. 18, 19, & 20.* Plaintiff must respond to that Motion.

At the summary judgment stage, a plaintiff cannot rest upon mere allegations and, instead, must meet proof with proof. *See* Fed. R. Civ. P. 56(e). This means that Plaintiff's Response must include her legal arguments, as well as affidavits,[1] prison records, or other evidence establishing that there is a genuine issue of material fact that must be resolved at a hearing or trial.

Furthermore, pursuant to Local Rule 56.1, Plaintiff must *also separately* file a

---

[1] The affidavit must be based upon the personal knowledge of the person executing the affidavit *and must be either*: (1) sworn and subscribed to by a notary public; or (2) executed under penalty of perjury, as provided for by 28 U.S.C. § 1746.

Statement of Disputed Facts, which lists: (a) any disagreement she has with the specifically numbered factual assertions in Defendant McClung's Statement of Undisputed Facts (*Doc. 20*); and (b) any other disputed facts that she believes must be resolved at a hearing or trial.[2]

Finally, Plaintiff is advised that if she intends to rely on documents that have been previously filed in the record, she must specifically refer to those documents by docket number, page, date, and heading.  The Court will not sift through the file to find support for Plaintiff's factual contentions.  *See Crossley v. Georgia-Pacific, Corp.*, 355 F.3d 1112, 1113-14 (8th Cir. 2004) (affirming the grant of summary judgment because a plaintiff failed to properly refer to specific pages of the record that supported his position).

IT IS THEREFORE ORDERED THAT:

1. Plaintiff must file, **within thirty days of the entry of this Order**, a Response to Defendant McClung's Motion for Summary Judgment and a separate Statement of Disputed Facts that comply with the Fed. R. Civ. P. 56, Local Rule 56.1, and the instructions set forth in this Order.

---

[2] If Plaintiff disputes any of the facts in Defendant McClung's Statement of Undisputed Facts, she *must identify* each numbered paragraph that contains the facts she disputes *and,* for each paragraph, explain *why* she disputes those facts.

2.      Plaintiff is advised that the failure to timely and properly comply with this Order will result in: (a) all of the facts in Defendant McClung's summary judgment papers being deemed admitted by Plaintiff, pursuant to Local Rule 56.1(c); or (b) the dismissal of this action, without prejudice, pursuant to Local Rule 5.5(c)(2).

Dated this 5th day of September, 2014.

_____
UNITED STATES MAGISTRATE JUDGE