# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

BRANDY ANN NEILL,
ADC #712275                                                                                    PLAINTIFF

V.                                       3:14CV00011 JLH/JTR

C.W. KNAUTS, Public Defender,                                                      DEFENDANTS
and GERALD McCLUNG, Clay County Sheriff

## **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

## **INSTRUCTIONS**

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge J. Leon Holmes. Any party may file written objections to this Recommendation. Objections must be specific and include the factual or legal basis for disagreeing with the Recommendation. An objection to a factual finding must specifically identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

An original and one copy of the objections must be received in the office of the United States District Clerk within fourteen (14) days of this Recommendation. If no objections are filed, Judge Holmes can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may

1

also waive any right to appeal questions of fact.

Mail your objections to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Room A149
> Little Rock, AR 72201-3325

## I. Introduction

In this *pro se* § 1983 action, Plaintiff, Brandy Ann Neill, alleges that, while she was a prisoner at the Clay County Detention Center[1] ("CCDC"), Defendant Gerald McClung, the Clay County Sheriff, used excessive force, on December 5, 2013, by shackling her too tightly, refusing her request to loosen her shackles, pointing his finger at her, and hitting her nose with his finger. *Doc. 5*.

Plaintiff also alleges that, in September of 2013, Defendant McClung and Defendant C.W. Knauts, the Clay County Public Defender, initiated a civil conspiracy to coerce Plaintiff to have sex with Defendant Knauts.[2] *Doc. 5*.

---

[1] Plaintiff is currently in the McPherson Unit of the Arkansas Department of Correction in Newport, Arkansas. She was a prisoner in the Clay County Detention Center from August 27, 2013 to December 12, 2013. *Doc. 20*.

[2] This civil conspiracy claim is based on the following entirely conclusory allegations in Plaintiff's Substituted Complaint: (1) "in September [of 2013] C.W. Knauts, a public defender, came to talk to me"; (2) "he asked for sexual favors and I said no;" and (3) "[s]ince that date, I was mistreated from the sheriff [McClung] and Mr. Knauts." *Doc. 5 at ¶ 1*. The Substituted Complaint contains *no facts* to support any of these conclusory allegations of a civil conspiracy between Defendant McClung and Defendant Knauts.

Defendants have each filed a Motion for Summary Judgment.³ *Docs. 14 & 18.* Plaintiff has filed a Response to each Motion. *Docs. 21 & 26.* For the following reasons, the Court recommends that each Motion for Summary Judgment be granted.

## II. Discussion

**A.     Defendant McClung's Motion for Summary Judgment**

The Prison Litigation Reform Act ("PLRA") requires prisoners to exhaust their administrative remedies *before* filing a § 1983 action: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The purposes of the exhaustion requirement include "allowing a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record."⁴ *Jones v. Bock*, 549

---

³Summary judgment is appropriate when the record, viewed in a light most favorable to the nonmoving party, demonstrates that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby Inc.,* 477 U.S. 242, 249-50 (1986). The moving party bears the initial burden of demonstrating the absence of a genuine dispute of material fact. *Celotex,* 477 U.S. at 323. Thereafter, the nonmoving party must present specific facts demonstrating that there is a material dispute for trial. *See* Fed. R. Civ. P. 56(c); *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011).

⁴ In *Jones*, the Court emphasized that: "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Id*. at 211.

U.S. 199, 219 (2007); *see also Woodford v. Ngo*, 548 U.S. 81, 89-91 (2006).

The PLRA requires inmates to: (1) fully and *properly* exhaust their administrative remedies as to each claim in the complaint; and (2) complete the exhaustion process prior to filing an action in federal court. *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003); *Graves v. Norris*, 218 F.3d 884, 885 (8th Cir. 2000) (emphasis added). Additionally, the Supreme Court has emphasized that: "The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones,* 549 U.S. at 218; *see also Woodford*, 548 U.S. at 90–91. Thus, to satisfy the PLRA, a prisoner must fully comply with the specific procedural requirements of the incarcerating facility. *Id.*

An inmate's failure to exhaust administrative remedies is an affirmative defense that must be pled and proved by the defendant. *Nerness v. Johnson*, 401 F.3d 874, 876 (8th Cir. 2008). The exhaustion requirement will be excused if the prisoner demonstrates that the defendant hindered his efforts to complete exhaustion. *Sergent v. Norris*, 330 F.3d 1084, 1085-86 (8th Cir. 2003); *Lyon v. Vande Krol*, 305 F.3d 806, 808 (8th Cir. 2002).

The CCDC has a written grievance procedure, which provides that: (1) a

prisoner or detainee must submit a grievance describing any "complaint, request or problem"; (2) the grievance must be signed by the prisoner or detainee and delivered to a jailer; (3) the grievance can be written on any paper; and (4) the prisoner or detainee must be informed of the disposition of the grievance within ten days. *Doc. 20, Ex. A-1*. The prisoner or detainee then must appeal the response or lack of response to the Clay County Sheriff, who must respond to the appeal in writing. *Id.*

Defendant McClung argues that, because Plaintiff did not exhaust any of her § 1983 claims she is asserting against him, he is entitled to summary judgment.[5] *Doc. 19*. In her Response, Plaintiff does *not* allege that she has exhausted the claims she is now asserting against Defendant McClung. Rather she argues that, because she was never made aware of the CCDC grievance procedure, she was not, as a matter of law, required to comply with it. *Doc. 26*.

Defendant McClung states in his Affidavit that: "Plaintiff is familiar with the policy, because she submitted grievances about various issues during her incarceration." *Doc. 20, Ex. A*. In support of that contention, Defendant McClung attaches one "Grievance/Request Form" that Plaintiff signed on September 29, 2013, and four general "Request" forms that she signed in August and September of 2013.

---

[5] In his supporting Affidavit, Defendant McClung states that, on December 5, 2013, he did not place any leg shackles on Plaintiff, he did not transport Plaintiff to court, Plaintiff never directly asked him to loosen her shackles, and he never touched Plaintiff with his finger. *Doc. 20-1*.

*Doc. 27, Ex. A-2.* Importantly, Plaintiff signed and submitted all of those grievances and request forms *before* the alleged December 5, 2013 use of excessive force. Thus, it is clear that Plaintiff was aware of, and had actually used, the CCDC grievance and request procedures.

Nevertheless, it is undisputed that Plaintiff never filed a grievance, request form, or any other written document (as allowed by the CCDC grievance procedure) alleging that Defendant McClung had either used excessive force against her or coerced her into granting "sexual favors" to Defendant Knauts. Thus, Plaintiff's claims against Defendant McClung should be dismissed, without prejudice, due to her failure to exhaust those claims.

**B.     Defendant Knauts' Motion for Summary Judgment**

Plaintiff alleges that Defendant Knauts, her public defender, asked her for sexual favors and, when she refused, Defendants Knauts and McClung mistreated her.[6] *Doc. 5.* In his Motion for Summary Judgment, Defendant Knauts denies asking

---

[6] A § 1983 claim can only be brought against a state actor or person acting under color of law, and not against private individuals. 42 U.S.C. § 1983; *Montano v. Hedgepeth*, 120 F.3d 844, 848 (8th Cir. 1997). Generally, public defenders, who are appointed to represent a prisoner, do not fall under this definition of a state actor. *Polk County v. Dodson*, 454 U.S. 312 (1981). However, a § 1983 claim may be brought against a public defender, or any other private individual, if he or she conspires with a state actor to deprive a prisoner of a federally protected right. *Manis v. Sterling,* 862 F.2d 679, 681 (8th Cir. 1988) (citing *Tower v. Glover*, 437 U.S. 914, 923 (1984)); *see also DuBose v. Kelly*, 187 F.3d 999, 1003 (8th Cir. 1999) (holding that a privately retained attorney may become a "state actor," for § 1983 purposes, if he enters into a conspiracy with a state actor to deprive a person of his or her constitutional rights).

Plaintiff for any sexual favors and correctly argues that Plaintiff has not presented any evidence to support her vague and conclusory allegations of a civil conspiracy. *Doc. 14, Ex. 6; Docs. 15 & 16.*

Plaintiff's allegation that Defendant Knauts asked her for sexual favors is something she can attempt to prove with her personal testimony. However, to prevail on her § 1983 civil conspiracy claim, Plaintiff must also prove a *mutual understanding* between Defendants Knauts and McClung, or a "*meeting of the minds*." *Cooper v. Delo*, 997 F.2d 376, 377 (8th Cir. 1993). In other words, she must show that "defendants had directed themselves toward an unconstitutional action by virtue of a mutual understanding." *Smith v. Bacon*, 699 F.2d 434, 436 (8th Cir. 1983). Plaintiff has offered no such evidence. Instead, she offers mere speculation, which is clearly insufficient to support a conspiracy claim. *See Manis v. Sterling,* 862 F.2d 679, 681 (8th Cir. 1988) (dismissing a prisoner's conclusory and factually unsupported allegation that a public defender and a judge conspired to deprive him of his constitutional rights); *Bellecourt v. U.S.*, 994 F.2d 427, 431 (8th Cir. 1993) (affirming the dismissal of a prisoner's civil rights claim where he failed to present any evidence to support his conspiracy allegation); *Settle v. Ross*, 992 F.2d 162, 163-64 (8th Cir. 1993) (same). Thus, Defendant Knauts is entitled to judgment, as a matter of law, on the conspiracy claim Plaintiff has asserted against him and that claim should be

dismissed, with prejudice.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Defendant McClung's Motion for Summary Judgment (*Doc. 18*) be GRANTED, and the claims against him be DISMISSED, WITHOUT PREJUDICE.

2. Defendant Knauts' Motion for Summary Judgment (*Doc. 14*) be GRANTED, and the claim against him be DISMISSED, WITH PREJUDICE.

3. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommended Disposition would not be taken in good faith.

Dated this *25th* day of February, 2015.

_____
UNITED STATES MAGISTRATE JUDGE